MARION v. AIKEN.

1.  NON-SUIT—SUFFICIENCY OF TESTIMONY.—This court cannot declare error in a refusal of non-suit which was asked for on the ground of *insufficiency* of evidence, nor in the ruling of the trial judge, where there was some testimony, that it was sufficient to carry the case to the jury.
2.  CHARGING JURY.—There being no evidence as to the precise date of the death of a woman's husband, and no admission as to her status, and as the validity of the woman's deed depended upon whether she was then

married or a widow, the trial judge instructed the jury as to the law, and then properly submitted it to them to say what her status was at the date of this deed.

3. GRANTEE—GRANTOR'S TITLE.—Where defendants claim only under M., who took possession under a deed which conveyed to him only a life estate, they cannot assert any greater estate than was held by M.

4. CHARGING JURIES—REQUESTS.—There was no error in refusing to charge that which was not requested.

Before ALDRICH, J., Fairfield, February, 1892.

In this case, William Marion and others, devisees of Mary Marion, claim to recover a tract of land, which they alleged had been conveyed by Mary Marion to Andrew McConnell, her brother, for and during the term of her natural life, and which was now in possession of defendants, purchasers under Andrew McConnell. Mary Marion died in 1886. The deed from Mary Marion to Andrew McConnell was lost, and was not of record, so its contents were testified to by witnesses. It was admitted by defendants that plaintiffs and themselves claimed from a common source; what common source was not stated, but there is no hint of any common source other than as above set forth.

Among other things not questioned by the appeal, the judge charged the jury as follows:

If both parties claim through a common source of title, then the one that has the best title prevails. The next question is: who has under Mary Marion the title and possession from the common source of title? The plaintiffs here, Mary Marion's son and her grand-children, claim that they are in possession under Mary Marion's title in this: that Mary Marion, being the owner of the land, conveyed the land to Andrew McConnell for her lifetime. Well, if Mary Marion conveyed the land to her brother, Andrew McConnell, for her lifetime, he took a good estate in the land during the period of her natural life, and upon her death this land would go back to her heirs. Now that presents the first question of fact. The law provides that the title to real estate should be in writing—signed, sealed and witnessed, the execution and signature by two witnesses. Ordinarily a deed is recorded. The law also provides that where a deed has been made, executed and delivered as the law

requires, and afterwards lost or destroyed, that by complying with certain requisites, showing the loss of the deed and the inability to find the deed, secondary evidence is competent as to its contents. Ordinarily, the secondary evidence consists of a certified copy of the deed from the office of the register of mesne conveyances, where the deed is recorded; but it happens that the deed was never recorded—the other evidence is admissible. In this case the plaintiffs' contention is that Mary Marion did make a deed, and that deed conveyed only a life estate; that deed has been lost—no record of it kept—and, therefore, parol testimony is the only evidence left as to what it did contain. With the introduction of evidence you have nothing to do, that is the business of the court; as to the value you attach to that testimony, you have everything to do.

Well, you have heard the testimony here as to the existence of that deed and the contents of that deed. One of the questions of this case is, what did that deed, if made, contain? Did Mary Marion make a fee simple deed to the land and convey the fee absolutely? or, being the owner of the fee, did she carve out of the fee a lesser estate, to wit: a life estate, and only conveyed the life estate to her brother, Andrew McConnell? If she did that, then upon her death the land came back to her heirs, and they would be entitled to it if nothing else appeared. That view of the case depends upon the facts and circumstances which I tried to relate. Plaintiffs, on the other hand, contend that Mary Marion was the owner of the land, and at the time was a married woman and could not have made such a deed. As I understand that, the contention here is that the defendants deny the proposition; therefore, the first question for you to pass upon, and in that view one of the turning points of the case, was Mary Marion at the time she made the deed to Andrew McConnell married, or was she a single woman? and I will tell you why that question is material. Under the old law in this State prior to 1868, real estate which came to a married woman, came to her as the wife of her husband, and the husband had the life estate during the joint lives of his wife and himself in the real estate, and the way that land could be conveyed was by the wife renouncing her inheritance in the land.

She could not make an ordinary deed, because the title was in her husband—that is, the possession was in her husband—and he made the deed, because the law said by virtue of the marital relation the land was in him. He made the deed conveying the land, and the wife renounced upon that deed her right of inheritance, and the two together completed the title. Therefore, when this deed was made to Andrew McConnell, a widow or a single woman would have the same right to convey as a man; but if the husband was living at the time, then Mary Marion could not make an ordinary deed so as to be operative in law; to pass her title, she would have to renounce her inheritance. That is a question of fact for you to pass upon, whether Mary Marion was a married woman at the time she made that deed, or was she a widow?

Now we come to the matter of possession. The defendants have set up the plea of adverse possession. If Mary Marion was in possession of this land, and only conveyed a life estate, the parties who purchased from Mary Marion, taking a life estate deed, were recognizing the deed of Mary Marion as a life estate. The plea of adverse possession set up by the defendant is an affirmative defence, which they must establish by proof. What is adverse possession? Adverse possession is where a party is in possession of land, holding the possession and claiming that they have a right to it, where they exercise dominion, and that possession must be notorious, open, exclusive and adverse to the world. Now let us go back a little. Suppose at the time Mary Marion executed this deed to her brother, Andrew McConnell, she was a married woman, and understanding she was a married woman, executed this deed. If you find that she executed this deed for a life estate, then, inasmuch as she could not make a deed for a life estate, that deed would pass nothing, and the question would then occur, under that deed, whether these parties were in possession claiming under this deed, even though it was not a good and sufficient deed in the law; still, if they recognized it, and claimed under the deed of a married woman, which in law might be inoperative, that fixes the possession; because possession, whether based on just claim or not, is not a question of fact; for, though the deed

might be inoperative, still, if they claimed under the deed and recognized it as a valid deed, and that deed conveyed only a life estate, then, if their possession was in accordance with that deed, the possession was not adverse.   \*   \*   \*   If the parties were there, in there, claiming a life estate deed from Mary Marion, why, then, common sense and common justice and law, would say that they could not claim any more than a life estate now—they are limited to that.

Verdict was for plaintiffs, and defendants appealed.

*Messrs. McDonald, Douglass & Obear,* for appellants.

*Messrs. Ragsdale & Ragsdale,* contra.

April 3, 1893.   The opinion of the court was delivered by

MR. JUSTICE POPE.   This was an action to recover 74¼ acres of land.   After plaintiffs had closed their testimony, defendants moved for a non-suit.   This motion being denied, defendants offered their testimony.   There were no requests to charge. The Circuit Judge expounded the law very carefully.   The verdict was for the plaintiffs.   After entry of judgment, the defendants appealed upon the following grounds: 1. For that his honor erred in holding that there was sufficient evidence connecting the land sued for with the deeds offered in evidence by the plaintiffs.   2. That his honor erred in refusing defendants' motion for a non-suit, based upon the ground that there was no sufficient evidence connecting the lands sued for with the deeds offered in evidence.   3. That his honor erred in submitting to the jury "whether Mary Marion was a married woman at the time she made the deed, or a widow?" while all the testimony on this point was conclusive that she was a married woman at that time, and that fact was neither denied nor contradicted.   4. For that his honor erred in charging the jury, that "if the parties (that is, the defendants and those under whom they claim,) were there claiming under a life estate deed from Mary Marion, why, then, common sense and common justice and law would say that they could not claim any more than a life estate now—they are limited to that;" whereas he

should have charged, that even if Andrew McConnell held under a deed for the life of Mary Marion, that deed could affect the character of only his possession; and that in the absence of other evidence upon the point of the character of the possession claimed by the defendants, and of their grantors, S. M. Bradford, John James, William Bell, William Robertson, and Thomas W. Rabb, is determined by the nature of the respective deeds under which they claim, and which were shown to be fee simple.

The second ground of appeal questions the decision of the motion for a non-suit, as alleged by the appellants in this exception, because there was not *sufficient* (italics ours) evidence connecting the lands sued for with the deeds offered in evidence. Surely the question here propounded has been emphatically and repeatedly decided by this court. We will never undertake to review the decision of a Circuit Judge as to the *sufficiency* of testimony, in a law case, on a motion for non-suit. The Circuit Judge has this responsibility fixed upon him by the law. Let this exception be overruled. The appellants in their first ground of appeal again present, in a new phase, the matter referred to in the second ground of appeal. Again the *sufficiency* of testimony is brought to this court. Under our repeated decisions, we will not interfere in such cases with the action of the Circuit Judge. This exception is overruled.

The Constitution of this State makes it the duty of a Circuit Judge not to charge the juries on questions of fact. The pleadings are silent as to *status* of Mrs. Marion. The testimony refers to the husband and wife—that the husband Marion died in 1844; that Mrs. Marion made a deed to her brother, Andrew McConnell, for the land in dispute, without stating that it was in the lifetime of Mr. Marion, her husband. Under such circumstances, it became necessary for the Circuit Judge to explain the law relating to a deed made by Mrs. Marion. If she was a widow and of legal age, she had a perfect right to convey lands. If she was *feme covert*, under our law, as it then existed, the deed had to be made in a certain way; amongst the requisites in such condition, the married woman

had to renounce her inheritance. The Circuit Judge had to be careful not to assume any fact that was not conceded as such. We do not think he erred in this particular, and we, therefore, overrule this exception.

Lastly, the appellants question the accuracy of the proposition of law contained in his charge to the jury, and which is copied in this exception. Stripped of verbiage, it seems to amount to this: that where one receives a deed whereby a restriction is placed upon the estate, such as for life, and the grantee under that deed conveys a greater estate than he has had conveyed to him, that such subsequent grantee and other subsequent grantees are bound by the defect of the title in the first grantee, unless they can bring themselves under such beneficent rules as subsequent purchaser for valuable consideration without notice, or unless they refuse to claim title under the first deed. If they still claim title under the first deed, they are bound to take only such title as is there given. We think the Circuit Judge, under the admitted facts in this cause, has properly defined the law.

To so much of this exception as sets up what the judge ought to have charged as law, we reply, if appellants so thought, they ought to have given the Circuit Judge an opportunity to have expressed himself thereon by a request to so charge. They did not pursue this course. Hence we are powerless in the premises. Let the exception be overruled.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.